## AS TO THE DUTY OF EMPLOYER TO INSPECT ELEVATOR.

Circuit Court of Cuyahoga County.

THE HOLLENDEN HOTEL COMPANY v. JOSEPH SANDROWITZ,
ADMINISTRATOR.*

Decided, June 11, 1907.

*Negligence—Master and Servant—Failure to Inspect Elevators Not Per Se Negligence—Duty of Servant to Examine.*

1. Failure of an employer to inspect an elevator so as to ascertain its condition and safety is not *per se* a ground of recovery.
2. The duty of a servant to use ordinary care for his own safety, requires of him more than a passing glance to discover whether or not the appliance he is using is defective.

*Kline, Tolles & Goff* and *Sealon & Paine,* for plaintiff in error.
*E. P. Walther, E. C. Schwan* and *C. N. Sheldon,* contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

David Katz, a scullion in the employ of the Hollenden Hotel Company was killed on the morning of May 9, 1905, in an eleva-

*Affirmed without opinion, *Sandrowitz* v. *Hollenden Hotel Co.,* 80 Ohio State, 739.

tor used by the hotel company's employes. The verdict and judgment recovered by the administrator of his estate against the hotel company, for wrongfully causing his death, are here sought to be reversed.

Two employes claim to have witnessed the accident. Charles Hughes, a colored man. and Sam Davidovitch, a Hungarian fellow countryman of Katz. Their versions of the accident contradict each other. Hughes says that he and Katz were on the same floor of the hotel in front of the elevator which had been left slowly moving upward by another employe who stepped out of it just before Katz tried to get aboard it. As the platform of the elevator ascended above the level of the floor Katz sought to clamber upon it, but was so slow in his movements that although he had plenty of time, he was caught between the floor of the car and the top of the doorway leading into the shaft. There is no dispute but that when extricated he was firmly wedged in between the platform of the elevator and the wall of the shaft above the said doorway; his body from the hips downward was below the elevator and upward was in the elevator. He was so crushed at the hips that he shortly died.

Davidovitch claims to have been standing upon an upper floor looking down the shaft at the time of the accident. He testifies that he saw Katz get into the elevator and start it up; that while ascending the elevator shook, and although he tried to stop it, the floor tipped to such an extent that Katz was spilled off the edge and caught in the manner before described.

Davidovitch appears to have made no disclosure of what he saw to his fellow-employes, his employer, the coroner or anyone else until this lawsuit brought it out.

As between Hughes and Davidovitch, the former seems to us to be more credible, but, recognizing that the jury is the tribunal established and appointed by law to determine controverted questions of fact, we can not substitute our judgment in place of the jury's verdict upon this question.

The defects relied on appear to have been certain alleged faults in the construction or maintenance of the elevator's mechanism, which caused the platform to shake and tip, and

to prevent the car from being readily stopped on such occasions. Many defects or faults are alleged in the petition, as for example: that the space between the car and the shaft was too great, and the play between the guides attached to the elevator and the posts up and down which the guides ran was too much. The evidence is far from clear as to just how the tipping of the elevator or the difficulty of stopping it, would result from any of these alleged defects. There is, however, considerable testimony to the effect that these difficulties with the operation of the elevator had in fact been encountered from time to time, and that Katz's superior had promised him that it should be repaired, and subsequently assured him, after certain repairs had been made, that the elevator was all right and might be used again.

We are not prepared to say from an examination of the evidence that the jury were not authorized to infer the actual existence of these difficulties and their recurrence on the occasion of this accident. If they existed, it is manifest that they resulted from some defect or fault in the construction or maintenance of the elevator, embraced within the comprehensive allegations of the petition in that behalf.

It is complained, however, that much of the evidence of similar occurrences, prior to this accident, was rendered irrelevant by reason of the fact that they happened, if at all, when the elevator was in a different location in the building from which it was meanwhile removed, and substantially rebuilt. It is also complained that some of the occurrences testified to were so remote in point of time from the accident under consideration, that they could not properly be proved. It is therefore alleged that the court erred in overruling objections to and motions for excluding, these items of evidence.

In making these rulings the learned judge apparently did not have the means of deciding positively just when and where these previous similar occurrences had taken place, and in his rulings and charges upon this subject we fail to find any reversible error.

It is true that the evidence in this case was permitted to have a wide scope and we think it might well have been much simplified by admitting only such of the evidence as affirmatively appeared to be competent when offered under the strict application of the salutary rule of *Brewing Co.* v. *Bauer,* 50 Ohio State, 560. Section 2 of the syllabus reads:

"In an action by an employe against his employer, for damages resulting from an injury received in operating a machine, caused by its defective construction, the defect being charged to the negligence of the employer, it is competent to prove that, on a former occasion, while it was being operated by another, the machine worked in a manner similar to that in which it worked when the plaintiff was injured. But such evidence is only competent to prove the defective character of the machine and the employer's knowledge of the fact; it is not competent to prove actionable negligence on the part of the employer at the time the plaintiff was injured and the jury should be so instructed at the time it is received."

On the other hand the court might with propriety have so exercised its discretion as to admit, instead of exclude, the similar though not identical section of side post up and down which the elevator guides ran.

We do not, however, find reversible error in respect to any of the matters thus far discussed.

Complaint is made, however, of the admission of evidence that subsequent to the occurrence of the accident to Katz notices were posted on the elevator forbidding its use by employes, and that prior to that no such notices were posted up. This line of testimony, should, of course, have been excluded. We are not clear, however, that any prejudice arose in this case from error in admitting this evidence, and we do not reverse upon that ground.

More serious questions are met with regard to the giving of plaintiff's requests to charge, numbers 10 and 16. Although there is no allegation in the petition of any failure of the hotel company to inspect its elevator. request No. 10 was given as follows:

"It was the duty of the defendant to exercise ordinary care to see that said elevator was reasonably safe, and it was the duty of defendant in the exercise of ordinary care to inspect said elevator so as to ascertain its condition and safety; and its failure to do so would be negligence."

The rule which counsel evidently had in mind while preferring this request was, that, there being a duty to inspect, want of knowledge of a continuing defective condition of the elevator would not suffice to excuse the hotel company from responsibility for such defects, if any, as in fact existed; but to say that a failure to inspect was negligence might well mislead the jury to infer that such failure would, of itself, afford ground for recovery in this case.

Request No. 16 is given as follows:

"David Katz would have the right to assume that the elevator in which he was riding was reasonably safe in the absence of any knowledge of any defects in said elevator on his part. He would be bound in the exercise of ordinary care to look out for his own safety, but he would not be bound to search for defects; and if the defects were such that he could not discover the same by a passing glance—if you find that there were defects, from the evidence—it would not be negligence on his part if he did not discover the same, and he would not be deemed to have assumed the risk of being injured by the same."

This is clearly not the law; an employe is indeed bound to exercise ordinary care to look out for his own safety, but it can not be said as a matter of law, on the facts here presented, that this duty is discharged when he has sought by a passing glance to discover defects that menace him. For error, therefore, in charging the jury as requested by plaintiff below, in requests Nos. 10 and 16, judgment of the court of common pleas is reversed, and the cause remanded for a new trial.